Cheshire,
No. 5964.

ISHAM OWEN, *Adm'r*

*v.*

MARLENE OWEN.

Argued September 4, 1969.
Decided September 30, 1969.

*Olson, Reynolds & McMahon (Mr. Arthur Olson, Jr. orally), for the plaintiff.*

*Bell & Kennedy (Mr. William H. Kennedy orally), for the defendant.*

KENISON, C.J.   The principal question presented in this case is whether an action for wrongful death brought by an administrator should be abated because the plaintiff is in fact a voluntary administrator of a small estate (RSA 553:31 (supp); Laws 1961, ch. 108) and not a regular administrator. RSA 556:12, 19. The question has not been answered in any previous decision in this state and neither court nor counsel has unearthed any precise governing precedent elsewhere.

The facts are neither complicated nor disputed. The plaintiff is the surviving spouse of Hazel Owen who was killed in an automobile accident on November 6, 1966 while a passenger in an automobile operated by their daughter, the defendant. On December 6, 1966 the plaintiff was issued by the Cheshire probate court an attested copy of his affidavit that he had undertaken to act as voluntary administrator of his wife's estate. The wrongful death action was brought by the plaintiff as administrator, without any designation of what type of administrator, by a writ dated June 6, 1967 and returnable to the Cheshire County Superior Court on the first Tuesday of August, 1967. A general appearance was filed on behalf of the defendant. Later, on December 27, 1968, the defendant filed a motion to dismiss the wrongful death action on the grounds that the plaintiff had never been duly appointed as administrator of the estate of Hazel Owen (RSA 553:2) and that no administrator appointed at or after the bringing of the action appeared at the second term of the court to indorse the writ and prosecute it as plaintiff. RSA 556:19. After hearing the Court (*Morris,* J.) reserved and transferred without ruling all questions of law raised by the motion to dismiss.

RSA 556:19 reads as follows: "ACTION BY INTERESTED PERSON. Any person interested in the estate of a person deceased may begin an action as administrator, which shall not be abated nor the attachment lost because such person is not administrator, nor by his decease, if the administrator then or afterward appointed shall, at the first or second term of the court, indorse the writ and prosecute it as plaintiff." This statute, which has remained unchanged since the first revision of the statutes in 1842 (Revised Statutes, ch. 161, *s.* 10), is to be " . . . given a liberal interpretation, so as to fully protect the rights of those interested in the estate." *Halle* v. *Cavanaugh,* 79 N. H. 418, 420. In *Tanner* v. *King,* 102 N. H. 401 the plaintiff husband brought a wrongful death action as a "person interested in the estate" but no administrator was ever appointed to prosecute the writ and the defendant's motion for dismissal was granted. In that situation a liberal interpretation of the statute could not save the day. The same result occurred in the first opinion in *Merrill* v. *Woodbury,* 61 N. H. 504. In that case the administrator subsequently appointed declined to prosecute the suit and the defendant's motion to dismiss was granted. However in the opinion on rehearing it appeared that the plaintiff moved to amend the writ by inserting the name of the administrator as plaintiff on indemnifying him against costs. The motion was allowed and sustained on appeal to prevent "serious hardship and a grave injustice." *Merrill* v. *Woodbury,* 61 N. H. 504 at 505 (opinion of *Allen,* J.). The court continued as follows: "The defendant cannot complain if he is put to his defence on the merits by a trial of this action, which will conclude the rights of all parties . . . . To prevent injustice, the writ may be amended by striking out the name of the plaintiff and substituting for it that of the administrator, in whose name the suit may be prosecuted on the plaintiff's indemnifying him against costs." See 132 Briefs and Cases 3 (1881).

Statutes providing voluntary administrators of small estates and statutes which dispense with administration or otherwise expedite the administration of small estates are relatively new in comparison to wrongful death statutes. Hardwick, Administration of Small Estates, 1 N.H.B.J. 40 (1958); Basye, Dispensing with Administration, 44 Mich. L. Rev. 329 (1945). In this state the office of voluntary administrator was not authorized until Laws 1961, ch. 108. See N. H. Judicial Council, Eighth Report

31, 33 (1960); 1 Treat, Probate Law, *s.* 187, *pp.* 157-161 (1968). In the present case the action for wrongful death was instituted by an administrator even though he was a voluntary administrator rather than a regular administrator. A voluntary administrator ought to be allowed to turn over to a regular administrator any rights or assets without jeopardy or abatement and this is what the statute contemplates. RSA 553:31 (supp); Laws 1961, ch. 108. In this jurisdiction " . . . pleading is considered only a means to an end. The end is accomplished if counsel can understand the dispute and the court can decide the controversy on its merits." *Morency* v. *Plourde,* 96 N. H. 344, 346. This approach to the problem of abatement is applicable to wrongful death actions. *Schindler* v. *Trust Co.,* 99 N. H. 284.

Although it does not appear in the record, we were informed at the argument of this case that the plaintiff had been appointed as administrator of the estate of Hazel Owen in addition to already being the voluntary administrator and that he has filed a motion to amend the writ by the addition of the regular administrator of the estate as a plaintiff. His motion is one the Trial Court has authority to grant after hearing. *Merrill* v. *Woodbury,* 505-506, *supra.* See *Bernard* v. *Bernard,* 108 N. H. 360, 363.

*Remanded.*

All concurred.